UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WOODS COVE III, LLC, | ) | Case No.: 1:22 CV 220 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| THEODIS FIPPS, et al., | ) | |
| | ) | <u>MEMORANDUM OPINION AND ORDER</u> |
| | ) | |
| Defendants | ) | |

Defendant Theodis Fipps, an Ohio resident acting *pro se*, initiated this action by filing a Notice of Removal (Doc. No. 1) on February 8, 2022, seeking to remove a State tax certificate foreclosure action filed against him and other defendants in the Cuyahoga County Court of Common Pleas. (*See* Doc. Nos. 1-2 and 1-8, *Woods Cove III, LLC v. Theodis Fipps*, et al., No. CV 16-863466 (Gallagher, J.) (the "State action")). The docket in the State action indicates that a decree of foreclosure was entered against Mr. Fipps and the other defendants in the case. (*See* Doc. No. 1-8.)

Within his Notice of Removal, Mr. Fipps has included the following purported claims in the State action: a violation of 42 U.S.C. §§ 1983, 1985, and 1986; malicious abuse of process; a violation of 18 U.S.C. §§ 241 and 242; intentional infliction of emotional distress; and mail fraud. (*See* Doc. No. 1) Defendant indicates on his Civil Cover Sheet that this action may be related to

another action in this Court: *Woods Cove III, LLC v. Fipps*, No. 1: 21 CV 2244, 2021 U.S. Dist. LEXIS 227475 (N.D. Ohio Nov. 29, 2021) ("*Woods Cove I*"). In *Woods Cove I*, Mr. Fipps filed a Notice of Removal of the same State action at issue in this action. The district court found no basis for federal removal jurisdiction and remanded the action to State court. *See Woods Cove I* at * 2.

Upon review of this action, the Court once again finds that there is no basis for an exercise of federal removal jurisdiction in this case and that this action must be remanded to State court.

A defendant may remove "any civil action brought in State court of which the district courts have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction only over civil actions that arise under the Constitution, laws, or treaties of the United States, and, over cases that involve parties of diverse citizenship meeting an amount-in-controversy requirement. *See* 28 U.S.C. §§ 1331; 1332(a). The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction, and a case must be remanded if it appears at any time that the district court lacks subject-matter jurisdiction. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006); 28 U.S.C. § 1447(c) ("If at any time . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Here, Mr. Fipps has not demonstrated, and the Court does not find, any valid basis for an exercise of federal removal jurisdiction in this case.

Mr. Fipps claims that the State court denied him equal protection under the U.S. Constitution, and therefore, he seeks redress in the district court. He then proceeds to challenge the State tax certificate foreclosure action, asserting several claims against the plaintiff in that State action. A defendant's attempt to insert a federal claim or defense into a State action, however, does not create federal jurisdiction. Federal question jurisdiction under 28 U.S.C. § 1331 is proper "only when a

federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Federal counterclaims and defenses are "inadequate to confer federal jurisdiction," and do not establish a reasonable basis for removal. *Merrell Dow Pharm.Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986). The Complaint in the State action on its face alleges no cause of action arising under federal law. Rather, the complaint alleges claims only arising under Ohio law. (*See* Doc. No. 1-2.)

There is also no basis for removal on the basis of diversity jurisdiction. Mr. Fipps represents that he is an Ohio resident, but he asserts that Woods Cove and its partnership entity reside in California and New Mexico, respectively, and therefore diversity jurisdiction exists. (*See* Doc. No. 1 at 3). His argument is unavailing. An action may not be removed on the basis of diversity "if any of the parties in interest properly joined and served as defendants [in the State action] is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Because Mr. Fipps is a resident of Ohio, where the State action commenced, he cannot establish diversity jurisdiction.

Moreover, a Notice of Removal must be filed within 30 days after receipt by the defendant of a copy of the initial pleading or if the case stated by the initial pleading is not removable, a Notice of Removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading or other paper from which it may first be ascertained that the case is one that has become removable. *See* 28 U.S.C. § 1446(b)(1) and (3). Here, the docket indicates that Mr. Fipps was served with the Complaint on May 19, 2016, and Mr. Fipps does not identify any amended pleading, motion, or other paper filed in the foreclosure action on or after January 8, 2022 that would have made the action removable. The State court docket reflects that the most recent document filed in the foreclosure action was a Writ of Possession, filed on December 21, 2021, which does not give

rise to a federal claim. This post judgment removal is therefore untimely.

## Conclusion

Accordingly, to the extent the State action was properly removed, there being no valid basis for an exercise of federal removal jurisdiction in this case, the action will be remanded to Cuyahoga County Court of Common Pleas. The Court further certifies that an appeal from this decision could not be taken in good faith. *See* 28 U.S.C. § 1447(d).

IT IS SO ORDERED.

>  */s/ SOLOMON OLIVER, JR.*
>  UNITED STATES DISTRICT JUDGE

February 17, 2022